UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    -v-<br><br>ARIEL TAVAREZ,<br><br>                              Defendant. | 19 Cr. 690-1 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On August 11, 2022, Defendant Ariel Tavarez was sentenced to a term of imprisonment of two-hundred-sixty-four (264) months, to be followed by a term of supervised release of five (5) years. (Dkt. #247 (judgment)).

In filings received by the Court on May 20, 2024 (Dkt. #273), and September 20, 2024 (Dkt. #281), Mr. Tavarez requested that this Court reduce his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"), which amendment went into effect on November 1, 2023, and applies retroactively. *See* 18 U.S.C. § 3582(c)(2) (discussing motions for sentence reductions "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"). More recently, Mr. Tavarez sent a letter reminding the Court of his prior motions. (Dkt. #288). The United States Probation Office has issued a report indicating that Mr. Tavarez is not eligible for a sentence reduction. (Dkt. #274).[1]

---

[1] If Mr. Tavarez wishes to review the Probation Office's eligibility memo, he may do so through his case manager.

The Court has considered the record in this case, and the submissions on this motion. The Court finds that Mr. Tavarez is ineligible for a reduction in sentence pursuant to Amendment 821 because his Criminal History Category and Guidelines range did not change as a result of the amendment. To review, Mr. Tavarez was initially found to have nine (9) criminal history points, two of which were imposed because he committed the offense of conviction while under a criminal justice sentence of probation; this score placed Mr. Tavarez in Criminal History Category IV. (PSR ¶¶ 69-77). With the reduction in status points occasioned by Amendment 821, Mr. Tavarez now has eight (8) criminal history points, and is still in Criminal History Category IV. *See* U.S.S.G. § 4A1.1(e) ("Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.").

Separately, Mr. Tavarez's adjusted offense level, with credit for acceptance of responsibility, was determined to be 43. At *any* Criminal History Category, an adjusted offense level of 43 yields a Guidelines range of life imprisonment. Accordingly, even were there a change in Mr. Tavarez's Criminal History Category — and Amendment 821 brought about none — the resulting Guidelines range remained the same.

For these reasons, the Court DENIES Mr. Tavarez's sentence reduction motion. The Clerk of Court is directed to terminate the motions at docket

entries 273, 281, and 288, and is further directed to mail a copy of this Order and the related Form AO 247 to Mr. Tavarez at the following address:

>Ariel Tavarez
>USM No. 87257-054
>FCI Allenwood Medium
>Federal Correctional Institution
>P.O. Box 2000
>White Deer, PA   17887

SO ORDERED.

Dated:   February 7, 2025
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge